IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC X. RAMBERT,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:23cv221 |
| | ) | **Electronic Filing** |
| **MICHAEL ZAKEN** SCI-GREENE WARDEN, **ATTORNEY GENERAL OF PENNSYLVANIA** and **DISTRICT ATTORNEY OF ALLEGHENY COUNTY,** | ) ) ) ) ) | |
| | ) | |
| Respondents, | ) | |

## MEMORANDUM ORDER

AND NOW, this 11th day of July, 2023, upon due consideration of the Report and Recommendation of the Magistrate Judge issued on April 19, 2023, recommending that [1] the petition for Writ of habeas Corpus be dismissed without prejudice as a second or successive petition under 28 U.S.C. § 2254 and [7] plaintiff's objections thereto, and after *de novo* review of the record, IT IS ORDERED that [1] the petition be, and the same hereby is, dismissed without prejudice. Petitioner may refile the petition only upon receiving authorization from the United States Court of Appeals for the Third Circuit to file a second or successive petition. The [6] Report and Recommendation of the Magistrate Judge as augmented therein is adopted as the opinion of the court.

Petitioner's objections are without merit. If petitioner is no longer serving a state sentence, then he no longer has a basis to invoke the authority of this court for relief from his current predicament. If petitioner is still serving a state court sentence, then he must comply with § 2254 to obtain relief. And here, as aptly explained by the Magistrate Judge, any such pathway to relief begins with petitioner obtaining authorization to file a second or successive petition from the United States Court of Appeals for the Third Circuit. Other forms of statutory

relief such as the All Writs Act may not be used to excuse the requirements Congress has mandated be satisfied before relief may be granted.  Cf. Jones v. Hendrix, -- U.S. --, 2023 WL 4110233, *13 (June 22, 2023) ("AEDPA's second-or-successive restrictions, by contrast, 'constitute a modified res judicata rule,' Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), and thus embody Congress' judgment regarding the central policy question of postconviction remedies - the appropriate balance between finality and error correction."  And neither the Due Process Clause nor other forms of statutory authorization provide a sound basis for bypassing these restrictions.).  Consequently, the petition here is subject to dismissal without prejudice.

                s/David Stewart Cercone
                David Stewart Cercone
                Senior United States District Judge

cc: Eric X. Rambert
   AM-9223
   SCI Greene
   169 Progress Drive
   Waynesburg, PA 15370

   (*Sent Via First Class Mail*)